UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PROSPERITY BANK, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-00288 |
| § | |
| BALBOA MUSIC FESTIVAL, LLC, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER OF TRANSFER

Pending before the Court in this action is Defendant Sean Collinson, also known as, Shankura Collinson's (Collinson)[1] motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), for improper venue under Rule 12(b)(3), or in the alternative to transfer venue to the Central District of California, Western Division (Los Angeles) under 28 U.S.C. § 1404(a) or § 1406(a) (Doc. 45). Collinson states that he is a resident of Los Angeles, California. (Sean Collinson Aff. Doc.45-2 at ¶ 6). He maintain that he has no connection or minimum contacts with Texas. (*Id.* at ¶ 7 and Sean Collinson Aff. Doc. 47 at ¶ 12).

The Court conducted a hearing on February 12, 2014 in which Collinson made a special appearance for the purpose of challenging personal jurisdiction. After having reviewed the motion, considered the evidence, and listened to arguments of counsel, the Court finds that personal jurisdiction in Texas over Sean Collinson is highly questionable. The Court also finds, however, as explained below, that this case should be transferred under 28 U.S.C. § 1406(a) to the Central District of California, where it could have been brought because venue is improper in the Southern District of Texas. The Court has diversity jurisdiction pursuant to 28 U.S.C. §

---

[1] The Complaint lists Sean Collison and Shankura Collison as separate individuals, yet the Motion to Dismiss (Doc. 45) lists Shankura Collinson as an "also known as" for Sean Collinson. Sean Collison testified at the hearing that Sean and Shankura Collison are one and the same person.

1332.[2]

## I. Factual Allegations

Front Gate Ticketing Solutions, Inc. (Front Gate) entered into a contract with Balboa Music Festival, LLC (Balboa) to provide ticketing services to Balboa for a concert in Encino, California. In September of 2012, Front Gate authorized its bank, Prosperity Bank (Prosperity) to wire transfer $274,202.82 to Balboa. Shortly after the transfer, another transfer in the same amount was made again to Balboa. Prosperity claimed this transfer was inadvertent and demanded return of the money from Balboa. Balboa refused to return the money and this lawsuit was commenced by Prosperity against Balboa, Steven Gables, Leslie Small, Sean Collinson, and Stacy Lyles (Defendants).

Prosperity alleged in its complaint (Doc. 1) that the Defendants converted the second wire transfer and that they were wrongfully holding the money. Prosperity also alleged that the Defendants acted as a joint enterprise and engaged in a conspiracy to keep the money from the second transfer. All defendants except Collinson have been dismissed from this action.

Collinson filed the instant motion (Doc. 45) on December 4, 2013. Prosperity filed its response to the motion (Doc. 47) and a supplement (Doc. 48) on December 23, 2013 and January 13, 2014 respectively. In its supplement, Prosperity provided the Court with a copy of the Ticketing Agreement between Front Gate and Balboa. Paragraph 18 of the agreement reads, "The parties hereto irrevocably agree that any legal action or proceeding arising out of or in connection with this Ticketing Agreement shall be brought in a court of competent jurisdiction located in the City of Austin, County of Travis, State of Texas, and shall be brought in no other court."

---

[2] Collinson is a citizen of California, while Prosperity Bank is a Texas Banking Association with its main office and principal place of business located in El Campo, Texas.

## II.   Relevant Law

### A.  Venue

Venue is governed by 28 U.S.C. § 1391 (a), which states, "Except as otherwise provided by law: (1) this section shall govern the venue of all civil actions brought in district courts of the United States."  Section 1391(b) states "[a] civil action may be brought in - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  Venue statutes "reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 578 (December 3, 2013)(emphasis in original).

Whether venue is proper or improper is determined exclusively through the application of federal venue laws, i.e., § 1391(b), regardless of whether there is a forum-selection clause in the contract.  *Id.* at 577.[3]  A case must be dismissed or transferred under § 1406(a) when venue is improper in the district in which the case was filed.  *Id.* ("Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case is brought satisfies the

---

[3] The Supreme Court further held in *Atlantic Marine*, that where venue is proper in the court in which the suit is originally filed, a valid forum-selection clause may be enforced through § 1404(a) and should be given controlling weight in all but exceptionally circumstances.  *Id.* at 581.  Moreover, when the venue in the initial forum is proper, the court must adjust the § 1404(a) analysis in three ways.  First, the Plaintiff's choice of forum is given no weight and the plaintiff bears the burden of showing why the court should not transfer the case to the forum to which it had agreed.  *Id.* at 581-82.  Second, the court should not consider the parties' private interests.  *Id.* at 582.  Third, the transfer of venue should not carry with it the choice of rules of the initial forum.  *Id.*  Nevertheless, because venue is improper in this district, the forum selection clause is irrelevant and this case must be dismissed or transferred in accordance with § 1406(a). *Id.* at 577.

requirements of federal venue laws, and those provisions say nothing about a forum-selection clause.").

### B. Venue Transfer

Under 28 U.S.C. § 1406(a), where a case that is filed in a wrong venue, a district court shall dismiss, or in the interest of justice, transfer the case to any district or division in which it could have been brought. The Court has the discretion to decide whether the case should be transferred or dismissed. *Dubin v. United States,* 380 F.2d 813, 815 (5th Cir. 1967).

When venue is proper in the court in which the suit was originally filed, 28 U.S.C. § 1404(a) applies. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties consented." A § 1404(a) analysis is broken down to two parts, 1) whether claim could have been filed in the district where transfer is sought and 2) if the claim could have been brought in that district, then the transfer must be for "the convenience of parties and witness, in the interest of justice" under § 1404(a). *In re Volkswagen AG; Volkswagen of America, Inc.*, 371 F. 3d 201, 203 (5th Cir. 2004).

### C. Personal Jurisdiction

Where the plaintiff files suit in the wrong district, the district court may, in the interest of justice, transfer the case under 28 U.S.C. § 1406(a) to the proper district where it could have been brought, regardless of whether the court had personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962); *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir. 1986)(citing *Goldlawr*).

### III.  Application

The threshold question is whether venue is proper in the Southern District of Texas.

Plaintiff's complaint (Doc. 1 ¶ 2) asserts that venue is proper in this district because Plaintiff is a banking association with its main office and principle place of business located in El Campo, Texas.  El Campo is within the Southern District of Texas' jurisdiction.  Section 1391(b) however, does not list the plaintiff's location as a proper basis for venue.  Additionally, this district does not satisfy any of the other bases under the venue statute.

The *Atlantic Marine* case ruled that venue is determined by federal venue laws.  The applicable venue law in this case is § 1391(b).  Section 1391(b)(1) applies in this case and venue would be proper in the Central District of California because Collinson, as well as the other defendants, are residents of Los Angeles, California.  Furthermore, a substantial part of the events (money had and received, the alleged conversion and conspiracy) giving rise to this suit occurred in the Central District of California.  Moreover, the federal courts in that district have personal jurisdiction over  Collinson.

Because § 1391(b) applies, the mandatory forum-selection clause in the Ticketing Agreement does not affect the transfer under § 1406(a).  Thus, this case should be dismissed or transferred under § 1406(a) to a district in which it could have been brought.

### IV.  Conclusion

Accordingly, the Court

ORDERS that Collinsons' motion to transfer venue to the Central District of California (Doc. 45) is GRANTED under § 1406(a) and otherwise DENIED.  The Court further

ORDERS this case be transferred to the Central District of California, Western Division (Los Angeles).

SIGNED at Houston, Texas, this 13th day of March, 2014.

*[signature]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE